(No. 93-CV-2364-)

*In re* APPLICATION OF CHARLES R. HENRY

*Order filed July 5, 1996.*

JOSEPH A. LONGO, for Claimant.

JIM RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

ORDER

RAUCCI, J.

This claim arises out of an incident that occurred on January 23, 1992. The Claimant, Charles R. Henry, husband of the deceased victim, Linda M. Henry, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq*.

This Court has carefully considered the application for benefits submitted on March 12, 1993, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 23, 1992, the victim was fatally injured as a result of a traffic accident. The incident occurred at the intersection of Foster and California, Chicago, Illinois. Police investigation revealed that the victim was a passenger in a motor vehicle driven by the offender. Prior to the incident, the victim and the offender had been drinking together at a bar. After drinking together for several hours, the offender offered to give the victim a ride in his car. The victim knew the offender was intoxicated at the time of the incident and knowingly entered the offender's vehicle. The offender was apprehended, charged and convicted of driving under the influence of intoxicating liquor.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury. or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim was aware of the driver's intoxicated condition and knowingly entered the motor vehicle with him.

4. That the victim's conduct contributed to her death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.